# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: T.S. & J.P.**

**No. 13-1271** (Wood County 13-JA-16 & 13-JA-17)

**FILED**

April 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Mother, by counsel Eric K. Powell, appeals the Circuit Court of Wood County's November 19, 2013, order terminating her parental rights to T.S. and J.P. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Katherine M. Bond, filed its response in support of the circuit court's order. The guardian ad litem, Michael D. Farnsworth Jr., filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating her parental rights because there was insufficient evidence to conclude she could not correct the conditions of neglect and termination was not necessary to protect the children's welfare.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Beginning in 2000, the DHHR had involvement with petitioner, providing her with services, including safety services and drug and alcohol detoxification. On January 3, 2013, police filed a report indicating that there was a methamphetamine lab, substance abuse, and domestic violence in petitioner's home. That same month, T.S.'s biological father, R.S., obtained custody of both children through family court. R.S. is not J.P.'s biological father, but he agreed to take custody of both children to maintain their bond. In February of 2013, the DHHR filed its initial abuse and neglect petition alleging that petitioner abused and neglected the children through her substance abuse, failure to protect the children, and allowing them to be exposed to dangerous and harmful substances and unsafe living conditions. The DHHR requested that the children remain in the custody of T.S.'s biological father.

The circuit court held an adjudicatory hearing in April of 2013, and petitioner stipulated to abuse and neglect due to domestic violence between her and J.L.P., J.P.'s biological father, and because her addiction to alcohol and controlled substances affected her ability to properly care for the children. Thereafter, the circuit court granted petitioner a post-adjudicatory improvement period, and the DHHR assisted petitioner in getting admitted to the Westbrook Crisis Stabilization Unit for detoxification. On August 30, 2013, the circuit court held a review hearing to assess petitioner's progress in the improvement period and ultimately terminated the same. In November of 2013, the circuit court held a dispositional hearing and found that

1

petitioner either tested positive or did not appear for the majority of her urine screens. Petitioner also testified that she consumed alcohol within twenty-four hours of the dispositional hearing. Ultimately, the circuit court terminated petitioner's parental rights. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court terminating petitioner's parental rights. Petitioner argues that she was substantially compliant with the terms of her improvement period and argues that the circuit court placed too much emphasis on her failed urine screens and the ethyl glucuronide ("EtG") test utilized to detect alcohol. According to petitioner, this testing method is unreliable and has never been approved by this Court. However, we find no merit to this argument because even absent petitioner's positive screens for alcohol consumption, it is clear the circuit court had sufficient evidence upon which to find that petitioner could not remedy the conditions of neglect.

The circuit court found that she "failed to comply with the terms and conditions of her improvement period." This finding was based upon substantial evidence, including the fact that petitioner either tested positive for or failed to attend the "vast majority" of drug screens, her failure to secure a home, and her failure to attend services such as parenting classes, substance abuse treatment, and individual therapy. In regard to substance abuse treatment, the record contains ample evidence of petitioner's failure to comply with these services.

By August of 2013, the only service in which petitioner was participating to address her substance abuse was urine screens. In September of 2013, petitioner began attending some treatment appointments at Westbrook and she completed Motivational Recovery Counseling on September 24, 2013. She then began the next step of outpatient treatment, the Women's Intensive Recovery Program, but her participation did not last long and she stopped attending by October of 2013. After October 16, 2013, petitioner did not attend individual therapy and she never completed the program.

Also, contrary to petitioner's assertion in her appellate brief that she was not consuming alcohol and that the unreliable nature of the tests produced positive results, petitioner admitted at the dispositional hearing that she had consumed alcohol within the past twenty-four hours and she previously admitted that she continued to abuse alcohol after her improvement period began when she asked the DHHR for assistance with rehabilitation. As such, the circuit court was correct in finding that petitioner failed to address the root problem of her neglect, alcohol abuse, among many other factors contributing to the abusive conditions in the home. Accordingly, the circuit court's finding was supported by substantial evidence beyond petitioner's failed urine screens related to alcohol consumption.

FILED
released at 3:00 p.m.

Pursuant to West Virginia Code §§ 49-6-5(b)(1) and (3), petitioner's continued alcohol abuse and failure to follow through with the reasonable family case plan constitute situations in which there is no reasonable likelihood that the conditions of neglect could be corrected in the near future. Further, the circuit court found that, based on petitioner's failure to address her substance abuse, termination was necessary for the children's welfare. The record clearly demonstrates that the circuit court was presented with sufficient evidence upon which to make these findings, and pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court and its November 19, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: April 28, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II